# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**Civil Action No.** 1:23CV-70-GNS

**HUB MULTIFAMILY LLC,**

       **Plaintiff,**

v.

**OWNERS INSURANCE COMPANY,**

       **Defendant.**

## NOTICE OF REMOVAL

Defendant Owners Insurance Company ("Owners" or "Defendant"), pursuant to 28 U.S.C. §§ 1441 and 1446, gives notice of the removal of the above-titled action from the Circuit Court of Warren County, Kentucky, Division II, Civil Action No. 23-CI-0582 (the "Warren County Circuit Court Case") to the United States District Court for the Western District of Kentucky, Bowling Green Division. As grounds for the removal, Owners states as follows:

1. On May 3, 2021, Plaintiff HUB Multifamily LLC ("Plaintiff") filed a Petition to Appoint Umpire. On May 4, 2023, Plaintiff filed a First Amended Petition to Appoint Umpire and a Second Amended Petition to Appoint Umpire (collectively, "Petition").

2. Defendant accepted service of the Second Amended Petition to Appoint Umpire on May 4, 2023. Pursuant to the Kentucky Rules of Civil Procedure, Defendant's response to the Second Amended Petition is due May 24, 2023.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the Warren County Circuit Court Case is attached hereto as **Collective Exhibit A**.

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Defendant is filing the notice within thirty (30) days of the date on which Defendant received a copy of the initial pleading setting forth the claim for relief upon which the Warren County Circuit Court Case is based.

5. The Warren County Circuit Court Case is properly removable under 28 U.S.C. § 1441(a)-(b) because Plaintiff could have filed this action originally in this Court under 28 U.S.C. § 1332(a). Specifically, this is a civil action between parties whose citizenship is completely diverse, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. On May 3, 2023, Owners filed a Petition to Appoint Umpire with the United States District Court for the Western District of Kentucky, Case No. 1:23-CV-60-GNS (the "Federal Case"). After removing this action, Owners plans to file a motion to consolidate this case with the Federal Case.

## DIVERSITY OF CITIZENSHIP

7. Plaintiff is a limited liability company organized under the laws of the State of Kentucky, and its principal place of business is located in Bowling Green, Kentucky.

8. Upon information and belief, Plaintiff's limited liability company has six (6) members: Chandler Properties, LLC; Darell R. Pierce Revocable Living Trust; LLHPGF, LLC; Volkert Real Estate Holdings, LLC; Cecil Martin; and Michael L. Simpson. The specific information for these members is as follows upon information and belief:

a. Chandler Properties, LLC is a Kentucky limited liability company with its principal place of business located in Bowling Green Kentucky. Chandler Properties, LLC is a single member entity, and its sole member is David G. Chandler, who is a citizen and resident of Bowling Green, Kentucky.

b. The Darell R. Pierce Revocable Living Trust is located in Bowling Green, Kentucky.

c. LLHPGF, LLC is a Kentucky limited liability company with its principal place of business in Bowling Green, Kentucky. LLHPGF, LLC is a single member entity, and its sole member is Joe B. Natcher, who is a citizen and resident of Bowling Green, Kentucky.

d. Volkert Real Estate Holdings, LLC is a Kentucky limited liability company with its principal place of business in Bowling Green, Kentucky. Volkert Real Estate Holdings, LLC is a two-member entity, and its members are Christian L. Volkert and Gable Volkert, both of whom are citizens and residents of Bowling Green, Kentucky.

e. Cecil Martin is a citizen and resident of Bowling Green, Kentucky.

f. Michael L. Simpson is a citizen and resident of Bowling Green, Kentucky.

9. Owners is a foreign corporation which is incorporated in Ohio, and its principal place of business is located in Michigan.

10. Upon information and belief, Plaintiff is a Kentucky limited liability company, and all of its members are citizens and residents of Kentucky and not citizens or residents of Ohio or

Michigan. Defendant is an Ohio corporation with its principal place of business in Michigan. Therefore, complete diversity of citizenship exists between the parties.

## AMOUNT IN CONTROVERSY REQUIREMENT

11.     Defendant is required to show only "by a preponderance of the evidence, that the amount in controversy requirement for a diversity action ha[s] been meet." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (cites omitted). A defendant does not have to prove "to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Hayes* at 572.  The amount in controversy may "be self-evident from the nature of the plaintiff's claims." *Ison v. C. Reiss Coal Co.*, Civil No. 13-10-ART, 2013 WL 789122, at *2 (E.D. Ky. Mar. 1, 2013).

12.     Potential punitive damages and attorney's fees awards are also properly considered in determining whether the amount in controversy exceeds $75,000. *Hollon v. Consumer Plumbing Recovery Center*, 417 F. Supp. 2d 849, 851 (E.D. Ky. 2006).

13.     Additionally, federal courts have previously issued rulings on declaratory judgment actions and other disputes involving the insurance appraisal process when diversity jurisdiction exists between the parties. *See, e.g., Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 129 F.Supp.3d 1150, 1151 (D. Colo. 2015) (holding in a declaratory judgment action the specific terms that the parties must follow in the insurance appraisal process). *See also PB Prop. Holdings, LLC v. Auto-Owners Ins. Co.*, Civil Action No. 16-cv-01748-WJM-STV, 2016 WL 9415215, at *1 (granting a motion to compel the appraisal process and reserving jurisdiction to assist with the appraisal process).

14. A notice of removal may assert the amount in controversy in the event that an initial pleading seeks "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded…." 28 U.S.C. § 1446(c)(2)(A)(ii) (2018). In such a case, this Court must find by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 in order for removal of the action to be proper. 28 U.S.C. § 1446(c)(2)(B).

15. Since this case requests appointment of an umpire, which is nonmonetary relief, Owners must follow the process set forth in 28 U.S.C. § 1446(c)(2) to assert the amount in controversy.

16. Here, there is significant evidence based on the allegations in the Petition that the amount in controversy exceeds $75,000.00. Plaintiff alleges in its Petition that it suffered "extensive, severe damage from a tornado" and submitted a Sworn Statement in Proof of Loss alleging that it sustained $35,429,159.31 in building damage. (Petition, ¶¶ 3, 8). Owners objects to this Proof of Loss, and the parties have entered into the appraisal process. The difference in the parties' proposed amounts of loss exceeds $75,000.00.

17. Accordingly, Defendant has demonstrated, by a preponderance of the evidence, that the amount in controversy in this action exceeds $75,000.00.

18. In the event that jurisdiction is challenged based on the amount in controversy, Owners requests that the Court order limited discovery prior to any motion to remand being considered. *See McPhail v. Deere & Co.*, 597 F.3d 947, 954 (10th Cir. 2008) (holding that to the extent a defendant must rely on federal discovery to produce evidence regarding the amount in

controversy, he may ask the court to wait to rule on the motion to remand until limited discovery has been completed).

19. The United States District Court for the Western District of Kentucky, Bowling Green Division, is the appropriate court for filing a notice of removal from the Warren County Circuit Court. *See* Local Rule 3.1(b)(2).

20. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a copy of this Notice of Removal with the Clerk of the Warren County Circuit Court and will also provide a copy of this notice to Plaintiff's counsel.

WHEREFORE, Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Warren County Circuit Court to the United States District Court for the Western District of Kentucky.

Dated:  May 19, 2023.                                             Respectfully submitted,

**SPENCER FANE, LLP**

*s/ Courtney Lutz Creal*
Courtney Lutz (Creal), TN BPR No. 034330
KY BPR No. 97037 (Admission to the United
States District Court for the Western District
of Kentucky pending)
511 Union Street
Suite 1000
Nashville, Tennessee 37219
(615) 238-6393 (Telephone)
ccreal@spencerfane.com

*Attorneys for Defendant*
*Owners Insurance Company*

**COLEMAN, LOCHMILLER, & BOND**

*/s/ Beth Lochmiller*
Beth Ann Lochmiller, KY BPR No. 085696
2907 Ring Road
P.O. Box 1177
Elizabethtown, Kentucky 42702
(270) 737-0600 (Telephone)
blochmiller@clblegal.com

*Attorneys for Defendant Owners Insurance Company*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on May 19, 2023, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and that a copy was served via email and U.S. mail on the following:

Darell R. Pierce
908 State Street
P.O. Box 1134
Bowling Green, KY 42102
drpierce@pierceandshadoan.com

                                          */s/ Courtney Lutz Creal*